UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAVON WILLIAM CRY, | No. 2:24-cv-0921 TLN AC P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| PATWIN HORN, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Currently pending before the court are respondent's motion to dismiss the petition as partially unexhausted and petitioner's motion to stay. ECF Nos. 15, 17.

I.       Factual Background and Procedural History

On July 19, 2016, petitioner was convicted in Sacramento County Superior Court of first-degree murder and second-degree attempted robbery with robbery-murder special circumstances. ECF No. 5 at 1; ECF No. 13-1 (Lod. Doc. 1). He was sentenced to life without the possibility of parole for the murder, plus twenty-five years to life for the enhancement, and the sentence for the attempted robbery was stayed. ECF No. 13-1.

Petitioner, through counsel, appealed his conviction to the California Court of Appeal, Third Appellate District on multiple grounds. ECF No. 5 at 2, 6. On February 14, 2020, the California Court of Appeal affirmed petitioner's conviction but remanded the matter to the trial

1

1  court to determine whether to strike the firearm enhancement in the interest of justice. ECF No.
2  13-2 (Lod. Doc. 2) at 67.

3  Petitioner then filed a petition for review in the California Supreme Court seeking relief
4  on the following grounds: (1) the trial court violated petitioner's Sixth and Fourteenth
5  Amendment rights by barring spectators who interacted with jurors from the courthouse without
6  taking further action to investigate the matter; (2) the trial court violated petitioner's Sixth
7  Amendment right to a public trial when it excluded spectators without determining if their
8  exclusion was necessary; (3) there was insufficient evidence to show petitioner intended to rob
9  the victim before he shot the victim, violating petitioner's Fourteenth Amendment rights; (4) the
10 trial court violated petitioner's Sixth Amendment rights when it failed to instruct on various
11 defenses against robbery; (5) petitioner's Fourteenth Amendment right to present a complete
12 defense was violated when the trial court failed to provide a unanimity instruction on the theory
13 of murder; and (6) the trial court violated petitioner's Fourteenth Amendment rights by failing to
14 instruct the jury to decide unanimously on what act constituted attempted robbery. ECF No. 13-3
15 (Lod. Doc. 3). On May 27, 2020, the California Supreme Court denied the petition for review.
16 ECF No. 13-4 (Lod. Doc. 4).

17 On remand on the sentencing issue, the trial court denied petitioner's request to strike his
18 firearm enhancement. ECF No. 13-5 (Lod. Doc. 5) at 1. Petitioner appealed, and the Court of
19 Appeal affirmed the trial court's decision. Id. at 6. Petitioner proceeded to file a petition for
20 review with the California Supreme Court on the grounds that the lower court failed to consider
21 an applicable factor when deciding whether to strike the enhancement. ECF No. 13-6 (Lod. Doc.
22 6). On March 15, 2023, the California Supreme Court denied the petition for review. ECF No.
23 13-7 (Lod. Doc. 7).

24 Petitioner did not petition the United States Supreme Court for certiorari, ECF No. 5 at 2,
25 and his conviction therefore became final on June 13, 2023, see Zepeda v. Walker, 581 F.3d
26 1013, 1016 (9th Cir. 2009) ("The period of direct review after which a conviction becomes final
27 includes the 90 days during which the state prisoner can seek a writ of certiorari from the United
28 States Supreme Court." (citation omitted)).

The petition in this case was originally filed in the Ninth Circuit Court of Appeals and was ordered filed in this court with a filing date of March 10, 2024. ECF No. 1. Petitioner raised a single claim of ineffective assistance of counsel on the grounds that trial counsel failed to investigate evidence that would have assisted his defense. ECF No. 2 at 1. Because the petition lacked information identifying the conviction at issue, petitioner was ordered to file an amended petition, which he filed on May 8, 2024.[1] ECF No. 5. The amended petition seeks relief on the following grounds: (1) ineffective assistance of counsel due to failure to investigate evidence and prepare an adequate defense; (2) the prosecution failed to disclose evidence favorable to the defense when it did not process fingernail scrapings from the victim; (3) his sentence for life without the possibility of parole violated the Eighth Amendment because the crime was committed thirty-nine days after he turned eighteen; and (4) the court erred in instructing the jury it did not have to unanimously agree on the theory of murder. Id. at 4-5.

Upon being ordered to respond to the petition, respondent filed a motion to dismiss the petition as partially unexhausted. ECF No. 15. Following respondent's motion to dismiss, the court issued a notice to petitioner advising him of the exhaustion requirement and the legal standards for staying a habeas case. ECF No. 16. Petitioner was further advised that "[n]othing in this notice prevents you from returning to state court while there is a pending motion to dismiss your federal petition based on lack of exhaustion." Id. at 2. Petitioner opposed the motion and moved for stay and abeyance. ECF Nos. 17, 20.

After briefing on the motions was complete, it came to the court's attention that petitioner had filed a petition for writ of habeas corpus in the California Supreme Court which was denied on July 30, 2025. ECF No. 22. Because the state supreme court's denial of the petition potentially mooted the pending motions, the parties were directed to submit supplemental briefs addressing whether the state petition in California Supreme Court Case No. S290401 exhausted his claims. Id. Supplemental briefing is now complete. ECF Nos. 23, 25.

---

[1] Since petitioner is a prisoner proceeding pro se, he is afforded the benefit of the prison mailbox rule. Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing rule that a prisoner's court document is deemed filed on the date the prisoner delivered the document to prison officials for mailing).

II.     <u>Motion to Dismiss</u>

       A.     <u>Parties' Positions</u>

Respondent moved to dismiss the entire petition on the ground that it is a mixed petition because Claims One through Three had not been exhausted since they had never been presented to the California Supreme Court. ECF No. 15. In the alternative, respondent argued that petitioner must delete Claims One through Three and proceed only on Claim Four, which was the sole exhausted claim. <u>Id.</u> Petitioner conceded that Claims One through Three had not been exhausted but opposed the motion to dismiss on the ground that he had moved for a stay under <u>Rhines v. Weber</u>, 544 U.S. 269 (2005). ECF Nos. 17, 20. Respondent objected to a stay under <u>Rhines</u>. ECF No. 18.

Petitioner has now filed a supplemental brief asserting that Claims One through Three are now exhausted and requests that the motion to dismiss be denied. ECF No. 23. The brief is not accompanied by a copy of the petition,[2] but petitioner summarizes the claims raised therein and attaches a copy of the state court's order denying the petition. <u>Id.</u> In response, respondent argues that Claim Three remains unexhausted and the motion to dismiss should nonetheless be granted because claims must be exhausted prior to filing. ECF No. 25.

       B.     <u>Exhaustion</u>

Federal courts are barred from adjudicating mixed petitions for habeas corpus, which are petitions containing both exhausted and unexhausted claims. <u>Rhines</u>, 544 U.S. at 273. A petitioner satisfies the exhaustion requirement by fairly presenting his federal claims to the highest state court before presenting them to the federal court. <u>Baldwin v. Reese</u>, 541 U.S. 27, 29 (2004) (citations omitted). In his motion to dismiss, respondent asserted that Claims One through Three were unexhausted (ECF No. 15), which petitioner conceded (ECF No. 17 at 1; ECF No. 20 at 1). Review of the instant petition and petitioner's state supreme court petitions on direct appeal also confirms that Claims One through Three were unexhausted at the time the petition was filed.

---

[2] Petitioner acknowledges that he was supposed to provide a copy of the state court petition but states that he does not have a copy of the petition though he has requested one from the California Supreme Court. ECF No. 23 3-4. However, respondent has lodged a copy of the petition. ECF No. 26-1 (Lod. Doc. 8).

4

Compare ECF No. 5 with ECF Nos. 13-3, 13-6.

In his supplemental brief, petitioner asserts that Claims One through Three are now exhausted. ECF No. 23. Respondent argues that Claim Three remains unexhausted. ECF No. 25. Upon review, the court finds that Claims One and Two of the petition in California Supreme Court No. S290401 raise the same claims as those raised in Claims One and Two of the petition in this case, namely that counsel was ineffective for failing to investigate and that the prosecution failed to disclose evidence favorable to the defense. Compare ECF No. 5 at 4 with ECF No. 26-1 at 3-4, 11-12. However, the third and final claim raised in petitioner's state petition is not the same as Claim Three in the petition before this court. Claim Three in the state petition alleged a violation of petitioner's due process rights based on prejudice arising from his juvenile co-defendant being transferred to adult court without a fitness hearing. ECF No. 26-1 at 5, 12-13. Claim Three in the petition before this court alleges that petitioner's Eighth Amendment rights were violated when he was charged with felony murder and given life without parole even though the crime was committed only thirty-nine days after he turned eighteen. ECF No. 5 at 5.

Based on the record before this court, the undersigned concludes that Claims One and Two of the petition are now exhausted while Claim Three remains unexhausted. Because Claims One and Two are now exhausted, the motion to dismiss is moot as to those claims. Although respondent argues that subsequent exhaustion of the claims is irrelevant and the court must look at the state of exhaustion at the time the petition was filed, the cases relied on for this proposition are distinguishable.

Respondent first cites Jiminez v. Rice, 276 F.3d 478 (9th Cir. 2001), for the proposition that the court "must act as if a dismissal that 'immediately' should have occurred, did occur." ECF No. 25 at 1. However, unlike this case, which involves a mixed petition, Jiminez involved a fully unexhausted petition, see Jiminez, 276 F.3d at 481 (after respondent moved to dismiss "the district court was 'obliged to dismiss immediately,' as the petition contained no exhausted claims" (citation omitted)), and was decided prior to both Rhines, which held that courts may stay a mixed petition when certain conditions are met, and the Ninth Circuit's decision in Mena v. Long, 813 F.3d 907, 910 (9th Cir. 2016), which expanded the availability of a Rhines stay to fully

5

unexhausted petitions.

Respondent next cites Romero v. Harrington, 441 F. App'x 425 (9th Cir. 2011), for the proposition that the time to determine whether a petitioner exhausted his state court remedies is when the federal petition is filed. ECF No. 25 at 1-2 (quoting Romero, 441 F. App'x at 426). But the court in Romero observed that the petitioner's options to have his previously unexhausted claims heard were to seek a stay under Rhines or Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), and that "[h]e did not successfully pursue either." Romero, 441 F. App'x at 426. Review of the underlying district court orders shows that Romero's motion to stay and abey was denied prior to the exhaustion of his state court remedies and the filing of the respondent's motion to dismiss. See Romero v. Ryan, No. 05-cv-1738 JM AJB, 2007 WL 4984060, at *1-2, 2007 U.S. Dist. LEXIS 100082, at *2-6 (S.D. Cal. Dec. 21, 2007) (report and recommendation outlining procedural history), adopted as modified by 2008 WL 638155, 2008 U.S. Dist. LEXIS 16861 (S.D. Cal. Mar. 5, 2008) (holding that once motion to stay was denied, Rose v. Lundy, 455 U.S. 509 (1982), required dismissal of mixed petition but permitting petitioner to proceed on claims that were exhausted at time of filing because to do otherwise "would be manifestly unjust"). In this case, petitioner has not failed to successfully pursue a stay because his motion to stay is still pending.

Given the differences in this case and those relied upon by respondent, the undersigned finds respondent's argument that petitioner's subsequent exhaustion is irrelevant to the motion to dismiss to be unpersuasive. In light of the California Supreme Court's denial of petitioner's state petition, the undersigned finds that petitioner has properly exhausted Claims One and Two, thereby mooting the motion to dismiss and motion for stay as to those claims.

C.     Request for Stay Under *Rhines*

Petitioner has moved for a Rhines stay (ECF No. 17), which respondent opposes (ECF No. 18). As set forth above, Claims One and Two of the petition are now exhausted, making the motion moot as to those claims. However, since Claim Three remains unexhausted, the court must consider whether a Rhines stay is appropriate as to that claim.

////

A Rhines stay is available for a petition that is "mixed" and preserves the federal filing date for unexhausted claims contained in the federal petition. Mena, 813 F.3d at 910. To obtain a stay under Rhines, the petitioner must show that (1) good cause exists for his failure to have first exhausted the claims in state court, (2) the claim or claims at issue potentially have merit, and (3) petitioner has not intentionally delayed pursuing the litigation. Rhines, 544 U.S. at 277-78. The "good cause" requirement under Rhines does not require a showing of "extraordinary circumstances." Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005). Rather, "good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify that failure." Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014) (citing Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005)).

In his motion for stay and abeyance, petitioner states he "mistakenly believed that the direct appeal process in state court would address all relevant claims," leading him "to reasonably conclude that further state court action was unnecessary." ECF No. 17 at 2. He further states he was only made aware of the need to exhaust these specific claims when he filed his federal petition and that he has not intentionally delayed the proceedings and "has diligently pursued available legal remedies." Id. at 2, 4. In his opposition to the motion to dismiss, petitioner cites Pace v. DiGuglielmo, 544 U.S. 408 (2005), and Dixon v. Baker, 847 F.3d 714 (9th Cir. 2017), to support the proposition that good cause exists where a petitioner is confused about procedural exhaustion rules. ECF No. 20 at 2-3.

In Pace, the court found that "[a] petitioner's reasonable confusion about whether a state filing would be timely"—and therefore "properly filed" such that it would toll the statute of limitations—constituted good cause to file a federal petition before exhaustion to preserve the federal filing date in case the state petition ultimately did not toll the statute of limitations. 544 U.S. at 416. Pace is distinguishable from petitioner's case as there is no indication here that petitioner intended his petition to be the kind of protective petition envisioned in Pace. However, Dixon is on point.

In Dixon, the Ninth Circuit held that "[a] petitioner who is without counsel in state postconviction proceedings cannot be expected to understand the technical requirements of

7

1 exhaustion and should not be denied the opportunity to exhaust a potentially meritorious claim
2 simply because he lacked counsel." 847 F.3d at 721. It concluded that for petitioners who were
3 pro se in their state post-conviction proceedings, "the first element of the Rhines test can easily be
4 established to the extent that they were without counsel." Id. at 722. A subsequent unpublished
5 Ninth Circuit opinion held that Dixon applies regardless of whether petitioner actually filed a
6 post-conviction petition. Cage v. Montgomery, 812 F. App'x 679, 680 (9th Cir. 2020).
7 Respondent offers no counter to petitioner's argument that his lack of counsel constitutes good
8 cause under Dixon, see ECF Nos. 21, 25, and the undersigned finds that under Dixon, petitioner
9 has established good cause because he did not pursue state post-conviction proceedings and
10 therefore did not have post-conviction counsel.

11   A petitioner seeking a stay and abeyance under Rhines must also show he has not been
12 intentionally dilatory in pursuing litigation. Rhines, 544 U.S. at 277-78. Respondent filed his
13 motion to dismiss on January 7, 2025 (ECF No. 15), and the court notified petitioner regarding
14 the requirements for exhaustion on January 10, 2025 (ECF No. 16). Petitioner clearly received
15 both the motion and the court's advisement since on January 20, 2025, he filed a motion to stay
16 the case under Rhines. ECF No. 17. However, while petitioner proceeded to exhaust Claims One
17 and Two, his state court habeas petition inexplicably did not include Count Three and there is no
18 indication that he has otherwise attempted to exhaust Count Three. Petitioner has therefore failed
19 to demonstrate that his has not been dilatory in pursuing Claim Three.

20   Since petitioner has failed to establish that he has not been intentionally dilatory, it is
21 unnecessary for the court to examine whether Claim Three potentially has merit. See Wooten v.
22 Kirkland, 540 F.3d 1019, 1023 (9th Cir. 2008) (after finding petitioner failed to demonstrate good
23 cause for Rhines stay court did not need to address other two factors). A stay pursuant to Rhines
24 is inappropriate as to Claim Three.

25   D.   Stay Under *Kelly*

26   Petitioner has not requested a stay under Kelly, and while the court is not required to *sua*
27 *sponte* consider whether a stay under Kelly is appropriate, see Robbins v. Carey, 481 F.3d 1143,
28 1147 (9th Cir. 2007) ("a district court is not required *sua sponte* to consider whether it should stay

8

1 and abey a mixed habeas petition"), the undersigned has done so and determined that it is not.

2 Under Kelly, the court may stay a petition containing only exhausted claims while allowing the petitioner to proceed to state court to exhaust additional claims. Kelly, 315 F.3d at 1070-71, overruled on other grounds by Robbins, 481 F.3d at 1148-49 (overruling Kelly to the extent Kelly required court to *sua sponte* consider stay and abeyance). Once the additional claims have been exhausted, the petitioner may amend his petition to add the newly exhausted claims. Id. This procedure does not require a showing of good cause, but it does require the petitioner to timely resubmit the exhausted claims within the AEDPA's one-year limitations period. King v. Ryan, 564 F.3d 1133, 1140-41 (9th Cir. 2009). Therefore, a stay under Kelly presents the possibility that petitioner's claims may be time-barred for federal purposes once they are exhausted. Id. The court may deny a request for stay under Kelly if newly exhausted claims would be time-barred. Id. at 1141-42.

Section 2244(d)(1) of Title 28 of the United States Code contains a one-year statute of limitations for filing a habeas petition in federal court. The one-year clock commences from one of several alternative triggering dates. 28 U.S.C. § 2244(d)(1). In most cases, the applicable date is that "on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

As set forth above, petitioner's sentence became final on June 13, 2023, when his time to seek certiorari expired, giving him until June 13, 2024, to file a timely federal petition. The original federal petition was filed on March 10, 2024, and contained only the ineffective assistance of counsel claim. ECF No. 2. Petitioner was then ordered to file a first amended petition, which he filed on May 8, 2024. ECF No. 5. The amended petition included the original ineffective assistance of counsel claim as Claim One and added three additional claims, all of which are now exhausted except for Claim Three. Because the statute of limitations expired over a year ago,[3] Claim Three will be untimely unless it relates back to Claim One, Two, or Four of

---

[3] The instant federal petition and petitioner's state habeas petition do not toll the statute of limitations because federal petitions do not provide statutory tolling and his state petition was not filed with the California Supreme Court until April 1, 2025, after the statute of limitations had (continued)

9

the amended petition.

If a federal habeas petition is amended to add a claim that would be untimely, the petitioner may still be able to add the claim "if the new claim shares a 'common core of operative facts' with the claims in the pending petition." King, 564 F.3d at 1141 (quoting Mayle v. Felix, 545 U.S. 644, 659 (2005)).  A new claim will not be found to "'relate back' to the filing of an exhausted petition simply because it arises from 'the same trial, conviction, or sentence.'" Id. (quoting Mayle, 545 U.S. at 662-64).  Further, a claim does not relate back if "it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Mayle, 545 U.S. at 650 (holding that a claim that challenges a pretrial event and a claim that challenges a trial event do not arise from a common core of operative facts); see also Schneider v. McDaniel, 674 F.3d 1144, 1151 (9th Cir. 2012) (trial court's denial of motion did not share common core of operative facts with claims regarding trial counsel's failure to timely file said motion because one claim was based on the trial court's alleged error, while the other was based on trial counsel's alleged failures); Hebner v. McGrath, 543 F.3d 1133, 1139 (9th Cir. 2008) (holding that a claim related to evidence admitted at trial and a claim related to jury instructions after the close of evidence "depend[ed] upon separate transactions and [did] not share a common core of operative fact").  To "relate back," Claim Three must come from the same "common core of operative facts" as at least one of the other claims in the amended petition.

Claims One, Two, and Four of the amended petition respectively alleged ineffective assistance of counsel due to failure to investigate evidence and prepare an adequate defense; that the prosecution failed to disclose evidence favorable to the defense when it did not process fingernail scrapings from the victim; and that the court erred in instructing the jury it did not have to unanimously agree on the theory of murder. ECF No. 5 at 4-5.  Claim Three contends petitioner's sentence in relation to his age at the time of the offense constituted cruel and unusual punishment. Id. at 5.  This allegation involves sentencing while Claims One, Two, and Four

---

already expired. See Duncan v. Walker, 533 U.S. 167, 181-82 (2001) (pendency of a federal habeas petition does not statutorily toll the limitations period); Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (state habeas petition filed after statute of limitations has expired does not revive statute of limitations and has no tolling effect).

10

relate to alleged pretrial and trial errors. The facts supporting Claim Three therefore clearly differ in both time and type from those supporting Claims One, Two, and Four and do not relate back to the amended complaint. Because Claim Three would not relate back it would be untimely once exhausted, and a Kelly stay would not be appropriate.

   E. Conclusion

  As set forth above, Claims One and Two are now exhausted, mooting the motion to dismiss and motion for stay as to those claims. However, Claim Three of the amended petition is not exhausted and a stay under Rhines is not appropriate. A stay under Kelly is also not appropriate because Claim Three would be untimely when amended back into the petition. The motion for stay should therefore be denied as moot as to Claims One and Two and denied on the merits as to Claim Three. The motion to dismiss should be denied as moot as to Claims One and Two and granted as to Claim Three. This case should proceed on Claims One, Two, and Four.

  III. Plain Language Summary of this Order for a Pro Se Litigant

  Because Claims One and Two are now exhausted, the motion to stay and motion to dismiss are now moot and should be denied as to those claims, meaning you can proceed on those claims. However, you have not shown that you have not delayed in attempting to exhaust Claim Three and so your motion for a Rhines stay on that claim should be denied. A Kelly stay would also be inappropriate because Claim Three would be untimely when amended back into the petition. It is being recommended that your motion to stay be denied and the motion to dismiss be granted as to Claim Three.

### CONCLUSION

  Accordingly, IT IS HEREBY RECOMMENDED that:

  1. Petitioner's motion for a stay (ECF No. 17) be DENIED as moot as to Claims One and Two and DENIED on the merits as to Claim Three;

  2. Respondent's motion to dismiss (ECF No. 15) be DENIED as moot as to Claims One and Two and GRANTED as to Claim Three;

  3. Claim Three of the petition be DISMISSED as unexhausted;

    4. This case proceed on Claims One, Two, and Four of the first amended petition (ECF No. 5).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 29, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE